UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EURO WALL SYSTEMS, LLC,

      Plaintiff,

v.                                                    Case No:  2:14-cv-552-FtM-38CM

REFLECTION WINDOW COMPANY,
LLC,

      Defendant.

_____/

## ORDER[1]

    This matter comes before the Court on Defendant Reflection Window Company, LLC's Verified Motion for Reconsideration as to this Court's Order Dated October 2, 2014, on Showing Cause as to Diversity Jurisdiction (Doc. #10) filed on October 2, 2014.

### Standard

    Reconsideration of a court's previous order is an extraordinary remedy, and thus, is a power that should be used sparingly. Carter v. Premier Rest. Mgmt., No. 2:06-CV-212-FTM-99DNF, 2006 WL 2620302, at *1 (M.D. Fla. Sept. 13, 2006) (citing Am. Ass'n of People with Disabilities v. Hood, 278 F. Supp. 2d 1337, 1339 (M.D. Fla. 2003)). The courts have "delineated three major grounds justifying reconsideration: (1) an intervening change in the controlling law; (2) the availability of new evidence; (3) the need to correct

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

clear error or prevent manifest injustice." Susman v. Salem, Saxon & Meilson, P.A., 153 F.R.D. 689, 904 (M.D. Fla. 1994).

## Discussion

Defendant Reflection Window filed a notice of removal on September 19, 2014. (Doc. #1). Upon *sua sponte* review of the notice and operative complaint, the Court found federal jurisdiction had not been alleged properly. (Doc. #6). Therefore, the Court required Reflection Window to show cause as to why this case should not be remanded to state court for failure to establish subject matter jurisdiction. (Doc. #6). The Court gave Reflection Window a clear October 1, 2014, deadline to respond to the Court's order. (See Doc. #6). Yet, Reflection Window failed to timely respond. Consequently, the Court remanded this case to state court for failure to allege jurisdiction properly. (See Doc. #9).

Now, Reflection Window requests reconsideration of the Court's remanding order.[2] Reflection Window provides two excuses for its failure to timely respond: (1) that it placed the deadline on its calendar incorrectly, and (2) its attorney was involved in multiple hearings and depositions. (Doc. #10, at ¶¶3-4). Upon consideration, the Court finds Reflection Window's failure to comply with the deadline to be unacceptable. See, e.g., In re Tiles & Stones, Inc., Bankr. No. 08-21644-BKC-AJC, 2011 WL 1048617, at *2 (S.D. Fla. Mar. 18, 2011) (citations omitted) (denying underlying motion for reconsideration and stating, "If an attorney fails to properly calendar a hearing or otherwise misses a deadline due to a busy schedule, courts have generally held that such reasons do not constitute

---

[2] Defendant Reflection Window's motion does not comply with Local Rule 3.01(g), and for this reason alone, the Court can strike or deny the motion. M.D. Fla. Local Rule. 3.01(g) (requiring motions, such as a motion for reconsideration, to contain a statement certifying that moving counsel has conferred with opposing counsel and stating whether opposing counsel agrees with the resolution sought in the motion). See, e.g., McGuinnes v. Novartis Pharm. Corp., 289 F.R.D. 360, 361 (M.D. Fla. 2013) ("The Court denied Plaintiff's motion for failure to comply with Local Rule 3.01(g).").

mistake, inadvertence or excusable neglect."). Reflection Window's excuses do not align with the reconsideration standard. Here, there is no change in controlling law, no new evidence, no need to correct clear error, and no need to prevent manifest injustice. Moreover, and as an aside, Reflection Window's late response to the Court's Order does not properly allege the Court's subject matter jurisdiction. (See Doc. #11). Having found no reason to justify granting reconsideration, the motion is denied and this matter remains remanded.

Accordingly, it is now

**ORDERED:**

Defendant Reflection Window Company, LLC's Verified Motion for Reconsideration as to this Court's Order Dated October 2, 2014, on Showing Cause as to Diversity Jurisdiction (Doc. #10) is **DENIED**. The Clerk is directed to mail a copy of this Order to Plaintiff Euro Wall Systems, LLC.

**DONE** and **ORDERED** in Fort Myers, Florida this 6th day of October, 2014.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record